### Rogers v. Blanton.

June 19, 1942.

Rehearing Denied Jan. 15, 1943.

682

Woodward, Dawson & Hobson for appellant.

Hubert Meredith, Attorney General, and H. Appleton Fedora, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Alleging that he operates motortrucks for hire exclusively within the limits of the town of West Point, Kentucky, and through that town to Fort Knox, a distance of 8.8 miles, and that accordingly he was entitled to the exemption granted by KRS 281.020 (KS, sec. 2739j-94) from the mileage tax imposed by KRS 281.480 (KS, sec. 2739j-78), appellant instituted this action to determine the controversy arising from appellee's denial of the exemption. The exemption, as stated in the Statute, applies to "motor vehicles for hire operating exclusively within the limits of a city or incorporated town, or within ten miles of its limits"; and had the controversy been determinable upon the allegations of the petition, there can be no doubt that appellant would have been entitled to the exemption claimed.

The petition was drawn upon the theory that the exemption had been refused because of another and clearly inapplicable statute which need not be further noticed, since the director by his answer denied his reliance thereon. On the contrary, he denied the allegation that appellant operated his trucks exclusively within the limits of West Point, or from West Point to Fort Knox, and, by a second paragraph, alleged that appellant was a resident of Louisville, and:

"That this business is a sole proprietorship operating a fleet of trucks; that he operates under contract. During the years 1939 and 1940 he operated his trucks and hauled under contract on the construction work of highway U. S. 31-W, which work was done more than ten miles from the limits of the town of West Point, Kentucky, an incorporated town of the State of Kentucky; that during the years 1940 and 1941 he operated his trucks and hauled under contract at Charlestown, an incorporated town of the

State of Indiana, which work was done more than ten miles from the limits of West Point, Kentucky. The operations of the plaintiff have been, are, and will be, that of an irregular contract hauler operating under such contracts as he may obtain, both in and out of the State and elsewhere, and not limited to operations within ten miles of the City Limits of West Point, Kentucky.''

Appellant demurred to the second paragraph of the answer, and upon his demurrer being overruled, declined to plead further, whereupon, the Chancellor entered a decree dismissing the petition and containing the following declaration:

''(1) That Section 2739j-94, Carroll's Kentucky Statutes 1936 edition does not exempt a truck operating for hire within ten miles of the limits of a city or town unless said truck is operated exclusively within the limits of one certain town or ten miles thereof.

''(2) As the trucks of G. S. Rogers have not and will not be operated exclusively within ten miles of the limits of West Point, Kentucky, but will be used at their present location only until the contract is completed, then to be used in some other location more than ten miles from the city limits of West Point, Kentucky, said trucks are not exempted by Section 2739j-94, Carroll's Kentucky Statutes, 1936 Edition, even though said trucks at all times operate within ten miles of the limits of a city or town.''

It is stated by appellant's counsel that appellant's ''primary place of business is located in West Point, Kentucky, and he operates his trucks there in the City of West Point and within ten miles of the City of West Point exclusively'', and that in 1939 and 1940, appellant also operated his trucks on a specific job on Highway 31- W ''within ten miles of the City of Louisville exclusively.''

Appellant's counsel also say: ''It is stated in appellee's answer that appellant's operations are 'always within ten miles of the corporate limits of some incorporated town' ''. An inspection of the record discloses that appellant's counsel have misconceived the state of facts presented by the pleadings. The answer does not contain the concession referred to and the petition fails to set forth all of the facts stated by appellant's counsel.

It is conceded in the brief of appellee's counsel that appellant's operations are always within ten miles of some incorporated town, but this concession is accompanied by the assertion that appellant's operations "are not confined to within ten miles of Louisville or West Point, Kentucky". In short, we are unable to find from the record the existence of the factual situation on which appellant bases his argument, namely:

"that appellant operates only on specific construction jobs; that for the different jobs, appellant uses as focal points different incorporated cities or towns, but that the trucks are never operated more than ten miles from the particular incorporated city or town which is used as the focal point".

If, as alleged in the answer and not denied, appellant is a resident of Louisville, employing his trucks throughout the state on contract jobs for indeterminate periods, the fact that a particular "job" was located within ten miles of an incorporated city would not bring him within the exemption, which, in our opinion, the Legislature intended to grant the owner only while his trucks were being operated within or within ten miles of the limits of the city constituting his more or less permanent domicile. This does not mean that the owner may not move his place or places of business from one city to another without forfeiting the exemption, provided the changes in location are intended to be permanent, as distinguished from a mere shifting about of his operations as the exigencies of the particular work in which he is engaged at the time may require. Neither does it mean that an individual or corporation operating places of business in more than one city in the State is limited to the exemption of trucks operating in one of those cities, provided the several places of business are distinct and separately operated establishments whose trucks confine their operations to the particular city and its environs in which the separate establishment is located. But we are unable to agree with the arguments of appellant's counsel that a contractor may operate his trucks more than ten miles beyond the limits of the town in which is situated his place of business and claim the exemption because such operations during a more or less indefinite period of time happened to be within ten miles of the corporate limits of some other city, even though that city temporarily be the focal point of the particular operation.

We believe that the true Legislative intent was to exempt from the mileage road tax the owners of motor vehicles operated the greater portion of their time over city streets and using the state roads occasionally, such as delivery trucks of merchants located within municipalities, and that the use of the words "for hire" in the description of the trucks to which the exemption applied was, while inept, intended to distinguish such motor vehicles from those used for pleasure. Any other interpretation would not only destroy the rational basis for the exemption, but result in the practical nullification of the tax, since extensive operations, involving solely the use of the State's roads, are, perhaps, more frequently conducted within ten miles of the limits of a city than otherwise.

Since the judgment appealed from accords with these views, it is affirmed.

Whole Court sitting.